CASE 3—INDICTMENT—DECEMBER 6.

# Sowder and Denny v. Commonwealth.

### APPEAL FROM ROCKCASTLE CIRCUIT COURT.

1. REASONABLE DOUBT IN PROSECUTIONS FOR MISDEMEANORS ENTITLES THE DEFENDANT TO AN ACQUITTAL.—Section 236 of the Criminal Code, providing that "where there is a reasonable doubt of the defendant being proven to be guilty he is entitled to an acquittal," applies to prosecutions under indictment against all classes of public offenders.
2. Chapter 6 of the Criminal Code applies to and regulates the trial of persons charged with violation of the penal as well as the criminal laws of this commonwealth. In every instance in which a different rule is to be applied, to one or the other of these grades of offenses, it is specifically set out.

    Section 236 of the Criminal Code is general in its terms, and governs in the trial of penal as well as criminal offenses.

CARTER & DISHMAN, . . . . . . . . For Appellants,

CITED

Criminal Code, sections 235-6.

JOHN RODMAN, Attorney-General, . . . For Appellee.

JUDGE LINDSAY DELIVERED THE OPINION OF THE COURT.

This prosecution was had under an indictment in the Circuit Court of Rockcastle County against Sowder and Denny for "an assault upon one John Waddle." The trial resulted in a judgment of conviction, and the assessment against each of the accused of a fine of eight hundred dollars.

We perceive no objections to the instructions given upon the motion of the attorney for the commonwealth, except in so far as they fail to authorize the jury to acquit in case they should entertain a reasonable doubt, growing out of all the evidence, as to the guilt of the accused. An instruction to this

effect was asked for by the appellants, and refused by the court upon the ground, as we may assume, that in prosecutions for misdemeanors the defendants are not entitled to an acquittal where there is a reasonable doubt of their having been proven guilty.

Section 236 of the Criminal Code of Practice is in these words: "Where there is a reasonable doubt of the defendant being proven to be guilty he is entitled to an acquittal." No distinction is made between prosecutions for felonies and misdemeanors, nor is there anything in the context to authorize the conclusion that the General Assembly did not intend that this section should be applied to prosecutions under indictments against all classes of public offenders.

Chapter 6 of the Criminal Code is evidently intended to apply to and regulate the trials of persons charged with violations of the penal as well as of the criminal laws of the commonwealth. In every instance in which a different rule is to be applied, to one or the other of these different grades of offenses, it is specifically set out.

The general provisions of the entire chapter apply alike to each, and must be so construed. Section 236 is general in its terms; and the sections immediately preceding and following it rebut any idea that it was not to govern in the trial of penal as well as of criminal offenses. The first section of the Criminal Code of Practice is conclusive as to the scope of all its general provisions. It provides expressly that "this act shall regulate the proceedings in *all prosecutions and penal actions*, in all the courts of this commonwealth, from and after the first day of July, 1854, and shall be known as 'The Code of Practice in Criminal Cases.'" This construction of the Criminal Code comports with reason, analogy, and precedent, and is that which the legislature manifestly intended it should receive. (3 Greenleaf on Evidence, section 28; Wharton's American Criminal Law, section 707.)

Vol. VIII.—29

For the error indicated the judgment of conviction as to each of the appellants is reversed, and the cause remanded for a new trial consistent with this opinion.